■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST W. SCOTT, JR., Appellant. [709 NYS2d 224] —Crew III, J. Appeal from a judgment of the Supreme Court (Main, Jr., J.), rendered April 12, 1999 in Franklin County, convicting defendant upon his plea of guilty of the crime of manslaughter in the second degree.

Defendant and Robert Noel were partners in a scrap metal recycling business. In July 1994, defendant and Noel had a violent disagreement concerning the dissolution of the business, as the result of which defendant sought out Joseph Mileto and

solicited Noel's murder. In that regard, defendant provided Mileto with a gun and drove him to Noel's home where Mileto shot and killed Noel and seriously wounded Noel's girlfriend. In 1998, defendant was arrested for possession of marihuana and, while being interviewed by the police, he confessed to his involvement in the murder of Noel. As part of a negotiated agreement in which defendant agreed to cooperate with the Franklin County District Attorney by, *inter alia*, testifying before a Grand Jury and at trial with regard to said murder, defendant pleaded guilty to a superior court information charging him with manslaughter in the second degree and thereafter was sentenced to an indeterminate term of imprisonment of 5 to 15 years. Defendant now appeals.

The People contend that defendant has waived his right to appeal pursuant to a memorandum of understanding executed by him. We agree. The agreement specifically provided that defendant "agree[d] to * * * waive his right to appeal any judgment of conviction obtained by a negotiated plea of guilty entered into as a disposition of charges" contained in the superior court information, and defendant specifically expressed his understanding of such waiver at the time of his plea allocution. Defendant nevertheless contends that he retained the right to appeal his conviction because Supreme Court specifically advised him, at his sentencing, that he had such right.

It is unclear from a review of the record whether Supreme Court's advice to defendant at the time of sentencing was an inadvertent misstatement or whether it was to advise defendant that he indeed had the right to appeal regarding any issues that survive a valid waiver. Even assuming an inadvertent misstatement, this cannot unilaterally alter the terms of the agreement entered into between defendant and the District Attorney, which clearly provided that defendant waived his right to appeal.

To the extent that defendant contends that the prosecutor breached the memorandum of understanding by taking a position during sentencing, we find that argument to be wholly without merit. Nowhere in the memorandum of understanding is there any language limiting or restricting the prosecutor from taking a position as to defendant's sentence. The only language arguably relating to sentencing is the clause that states that "the District Attorney will inform the court * * * of the full extent of [defendant's] cooperation should [he] so request". We decline to consider defendant's remaining contentions in view of his voluntary waiver of appeal.

Cardona, P. J., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.